UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenwood Bright, | ) | C/A No. 5:12-cv-03371-DCN-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Dewayne Monroe, Susan Duffy, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on the Defendants' Motion for Summary Judgment filed April 16, 2013. ECF No. 28. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on April 17, 2013 advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 29. Plaintiff responded to Defendants' summary judgment motion on June 24, 2013, ECF No. 41, and Defendants filed a reply to Plaintiff's response on July 2, 2013, ECF No. 45. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendants' motion is dispositive, a Report and Recommendation is entered for the court's review.

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

## I. Background

Plaintiff, Kenwood Bright, is an inmate housed at Perry Correctional Institution ("PCI"). ECF No. 1 at 2. Plaintiff filed his Complaint on November 28, 2012, and alleges that on August 19, 2011, Defendants Duffy and Moore "illegacy [sic] confiscated or maliciously disposed of [his] legal materials ([his] entire trial transcript, entire SLED report and autopsy report)" which Plaintiff contends he needed to "prepare the grounds for [his] appeal of [his] criminal conviction." ECF No. 1 at 3. Plaintiff alleges that he submitted a grievance on August 26, 2011 regarding his missing legal materials and he received a response on April 12, 2012, which stated that if Plaintiff "provided proof that [he] possessed these items" that he would be reimbursed their costs. *Id.* Plaintiff argues that he has provided proof but "no restitution for these items have been provided." *Id.* Plaintiff alleges that while he was waiting for the April 12, 2012 response to his grievance, his case was "going through the appeal process" and he was "unable to effectively present any grounds for [his] appeal." *Id.* Plaintiff contends that he "received a dismissal [of his case] by the court" on May 17, 2012, and argues that if he had "been able to present his case on appeal, [his] evidence and research," his conviction would have been overturned. *Id.* at 3. Plaintiff seeks damages in the amount of $150,000 dollars "to help pay for [his] defense on [his] new appeal." *Id.* at 5.

## II. Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.    Analysis

   A.  Eleventh Amendment

Defendants contend that Plaintiff's action against them should be dismissed as a matter of law to the extent they are sued in their official capacities.  ECF No. 28-1 at 13-14. The undersigned agrees.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001).

As Defendants are agents or employees of the State of South Carolina, when acting in their official capacities, they are not "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). A State cannot, without its consent, be sued in a District Court of the United States by one of its own citizens upon the claim that the case is one that arises under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663.  The State of South Carolina has not consented to be sued in this case.  S.C. Code Ann. § 15-78-20(e).   As an arm of the State, Defendants are immune from suit under the Eleventh Amendment. Accordingly, the undersigned recommends that Plaintiff's claims against Defendants in their official capacities be dismissed.

B.   Deprivation of Personal Property

Plaintiff argues that he was denied "due process of the law" when his legal materials were wrongfully confiscated.  ECF No. 1 at 3-4.  Defendants contend that "Plaintiff cannot state a constitutional claim for the deprivation or destruction of his personal property" as he cannot offer any evidence that he does not have an adequate post-deprivation remedy.  ECF No. 28-1 at 4-5.   Defendants further argue that they did not "inventory or pack Plaintiff's property" and therefore they cannot be held liable under § 1983 because they were not personally involved with any deprivation of Plaintiff's property. *Id.* at 5.

A prisoner's claim for deprivation of personal property is not cognizable under § 1983. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981) (holding that a prisoner was "deprived" of his property within the meaning of the due process clause of the Fourteenth Amendment but that the state's tort remedy provided all the process that was due); *see also, Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008)(finding that deprivations of personal property by corrections officials are not constitutional violations where there are procedures available for the inmate to recover that property or to be financially compensated for the loss).  Here, Plaintiff can institute a civil action in the state courts to recover his personal property under state law. *See*, e.g., S.C. Code § 15-69-10 *et seq*.  Therefore, the undersigned recommends that this claim be dismissed.[2]

_____

[2] The undersigned notes that the Warden, in response to Plaintiff's grievance concerning the confiscation of his legal materials, stated that if Plaintiff could "provide proof from [his] attorney that [he] had possession of the sled report, autopsy report, transcript, and cost associated with replacing the items" that he would "order restitution of the items."  ECF No. 41-3 at 5.  Plaintiff contends that he has provided the Warden with such proof, *see* ECF Nos. 41-3 at 6-9, and that at the time of the filing of his Complaint "he [had] yet to be compensated, no restitution for these items has been provided."  ECF No. 1 at 3.  Defendants do not address this portion of Plaintiff's Complaint in their Motion for Summary Judgment.

C.  Denial of Access to Courts

Defendants contend that even if Plaintiff can show that he was denied his legal materials, Plaintiff's claims must be dismissed because Plaintiff cannot show that he suffered prejudice.  ECF No. 28-1 at 9-10.  Defendants argue that Plaintiff's appellate counsel, pursuant to the Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967), determined that Plaintiff did not have any meritorious appellate issues, and therefore presented the best appellate issue available to the South Carolina appellate court for review. *Id.* at 10.  Defendants further argue that under the requirements set forth in *Anders* that the South Carolina appellate court "is required to not only to rule on the issue raised in the Brief, but to review the entire record to determine independently if there are issues that should have been raised." *Id.*  Defendants contend that by dismissing Plaintiff's appeal, the South Carolina Court of Appeals "did not find a meritorious issue." *Id.*  Defendants argue that Plaintiff therefore cannot show prejudice and his denial of access to courts "claim should be denied as a matter of law." *Id.*  In response to Defendants' argument, Plaintiff reiterates the allegations in his Complaint and contends that Defendants' Summary Judgment Motion should be denied because Defendants illegally confiscated and maliciously disposed of his trial transcript, autopsy report, and SLED report in violation of his First and Fourteenth Amendment rights.  ECF No. 41 at 3.

The right of access to the courts is the right to bring to court a grievance that the inmate wished to present, and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996).  In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from

official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353-55.

Although Plaintiff contends that his appeal was dismissed because he was unable to present his legal research and arguments to the South Carolina Court of Appeals, Plaintiff has failed to show what legal arguments he would have presented to the South Carolina appellate court that would have resulted in his appeal being granted. The undersigned, therefore, finds that Plaintiff's allegations are insufficient to establish that a "non-frivolous" post-conviction action was "frustrated or impeded." Accordingly, the undersigned recommends that Defendants' summary judgment motion be granted on this ground. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury).

D. Qualified Immunity

Defendants assert that they are entitled to qualified immunity. ECF No. 28-1 at 10-12. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at

the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The record before the court shows that, as to Plaintiff and the specific events at issue, these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. They did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the discretionary exercise of their respective professional judgments. As Defendants attest, they did not remove any legal materials from Plaintiff's cell, and did not take part in the packing or inventorying of Plaintiff's property. *See* ECF No. 28-2 at 3, ECF No. 28-3 at 3. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 28, be **granted.**

IT IS SO RECOMMENDED.

October 22, 2013                          Kaymani D. West
Florence, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**